IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STUART W. FREESE, and DEBRA D. FREESE, | ) ) ) | 4:11CV3182 |
| Plaintiffs, | ) ) ) | **MEMORANDUM** |
| v. | ) ) | **AND ORDER** |
| USCIS NEBRASKA SERVICE CENTER, et al., | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on Defendant USCIS Nebraska Service Center's ("NSC") Motion to Dismiss (filing no. 29) and Defendant AFGE AFL-CIO Local 3928's ("Local 3928") Motion to Dismiss (filing no. 20). As set forth below, the Motions are granted.

## I.   *BACKGROUND AND SUMMARY OF COMPLAINT*

Plaintiffs filed this matter on October 21, 2011. (Filing No. 1.) Liberally construed, Plaintiffs allege that they are civilians employees of NSC. (*Id.*) Defendant Stuart W. Freese ("Stuart") became very ill after being transferred to another NSC location in Lincoln, Nebraska. (*Id.* at CM/ECF p. 2.) Plaintiffs allege that Stuart's illnesses occurred as a result of "exposure to mold allergens" at this location and that NSC and Local 3928 failed to take action to remedy Stuart's exposure to mold in violation of "Sections 654 & 657" of the Occupational Safety and Health Act ("OSHA"). (*Id.*)

In their Motions to Dismiss, Defendants argue that dismissal is warranted because OSHA does not provide a private right of action and because this court lacks subject matter jurisdiction. (Filing Nos. 21 and 31.) Plaintiffs filed an "Opposition" to each Motion to Dismiss. (Filing Nos. 40 and 44.) Plaintiffs also filed a "Motion

to Retain Lawsuit Against USCIS-Nebraska Service Center" (filing no. 35) and a "Counter Response" to Local 3928's Motion to Dismiss (filing no. 24), both of which the court construes as additional responses to the pending Motions to Dismiss. The Motions to Dismiss are therefore deemed fully submitted.

## II. DEFENDANTS' MOTIONS TO DISMISS

NSC and Local 3928 both argue that the only claims asserted by Plaintiffs in the Complaint should be dismissed because OSHA does not provide a private right of action. (Filing No. 21 at CM/ECF pp. 6-8; Filing No. 31 at CM/ECF pp. 8-10.) The court agrees.

Although the Eighth Circuit appears not to have addressed the issue, numerous courts have held that OSHA does not provide a private right of action. *See, e.g., Am. Fed'n of Gov't Emp., AFL-CIO v. Rumsfeld*, 321 F.3d 139, 143-44 (D.C. Cir. 2003) (noting that the plaintiffs had "no private right of action under . . . OSHA"); *Ellis v. Chase Commc'ns, Inc.*, 63 F.3d 473, 476-77 (6th Cir. 1995) (same); *Pedraza v. Shell Oil Co.*, 942 F.2d 48, 52 (1st Cir. 1991) (same) ; *Merritt v. Bethlehem Steel Corp.*, 875 F.2d 603, 608 (7th Cir. 1989) (same); *Donovan v. Occupational Safety and Health Review Comm'n*, 713 F.2d 918, 916 (2d Cir. 1983) (same); *Jeter v. St. Regis Paper Co.*, 507 F.2d 973, 976-77 (5th Cir. 1975) ("The only provision in the statute which addresses itself to a private remedy clearly indicates that Congress did not intend OSHA to create a new action for damages in favor of employees."). Rather, violations of OSHA are investigated and enforced by the Secretary of Labor. 29 U.S.C. §§ 662, 666, 657.

Here, Plaintiffs allege only that NSC and Local 3928 violated "Sections 654 & 657" of OSHA. (Filing No. 1 at CM/ECF p. 2.) They include six separate allegations of failing to "provide a safe work environment," failing to conduct "air quality and mold tests," and failing to take action relating to Plaintiffs' "safety concerns." (*Id.*) Each of these allegations cites to a section of OSHA. (*Id.*) Plaintiffs then detail

2

Stuart's extensive health problems, which they claim occurred as a result of these OSHA violations. (*Id.* at CM/ECF pp. 2-3.) In the separate documents titled "Plaintiff's [sic] Counter Response to Defendant Local 3928," Plaintiffs include three pages of additional alleged OSHA violations to support their claims. (Filing No. 24.) Likewise, in their "Motion to Retain Lawsuit Against USCIS-Nebraska Service Center," Plaintiffs assert an additional two pages of alleged OSHA violations. (Filing No. 35.) The court agrees with the numerous circuit courts, set forth above, that have held that OSHA does not create a private right of action for Plaintiffs. As such, their claims against NSC and Local 3928 are dismissed.[1]

IT IS THEREFORE ORDERED that:

1.      Defendants' Motions to Dismiss (filing nos. 20 and 29) are granted and

---

[1] Liberally construed, Plaintiffs' responses to the Motions to Dismiss include arguments relating to a personal injury claim against the NSC for Stuart's mold-related injuries and a "failure to represent" claim against Local 3928. (Filing Nos. 40 and 44.) Put simply, such claims are not set forth in the Complaint and are therefore not properly before the court. Regardless, even if they were, dismissal would still be appropriate because the court lacks subject matter jurisdiction over such claims. *See Eubank v. Kansas City Power & Light Co.*, 626 F.3d 424, 430 (8th Cir. 2010) ("FECA is the exclusive avenue of redress against the Government for a government employee's work-related injuries.") (internal citations omitted); *Pourier v. U.S.*, 138 F.3d 1267, 1268 (8th Cir. 1998) (holding that "[c]laims brought by or on behalf of a federal employee for work-related injury or death caused by another federal employee acting within the scope of his or her employment fall exclusively within the FECA" and the district court lacks subject matter jurisdiction over such claims); *Karahalios v. Nat'l Fed'n of Fed. Emp., Local 1263*, 489 U.S. 527, 531-36 (1989) (holding that a federal employee has no private cause of action against his or her union for breach of duty of fair representation and that, while "courts play a role in . . . fair representation cases," that role is "sitting in review of the FLRA" and "[t]o hold that the district courts must entertain such cases in the first instance would seriously undermine what we deem to be the congressional scheme, namely to leave the enforcement of union and agency duties under the Act to the General Counsel and the FLRA and to confine the courts to the role given them under the Act").

this matter is dismissed without prejudice as to Defendants USCIS Nebraska Service Center and AFGE AFL-CIO Local 3928.

2. The Clerk of the court is directed to terminate USCIS Nebraska Service Center and AFGE AFL-CIO Local 3928 as Defendants in this matter.

3. Defendants Marathon Properties and Star City Federal's Motion for Leave to Conduct Discovery (filing no. 51) is granted. A separate progression order will be entered progressing this matter to final disposition.

4. All other pending motions are denied.

DATED this 21st day of March, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.