IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STUART W. FREESE, and DEBRA D. FREESE, | ) ) ) | 4:11CV3182 |
| Plaintiffs, | ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| USCIS NEBRASKA SERVICE CENTER, et al., | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on Defendants Marathon Properties and Star City Federal's (together, the "Remaining Defendants") Motion for Judgment on the Pleadings. (Filing No. 55.) As set forth below, the Motion is granted.

Plaintiffs filed this matter on October 21, 2011. (Filing No. 1.) Liberally construed, Plaintiffs allege that they are civilian employees of NSC. (*Id.*) Plaintiff Stuart W. Freese ("Stuart") became very ill after being transferred to another NSC location in Lincoln, Nebraska. (*Id.* at CM/ECF p. 2.) Plaintiffs allege that Stuart's illnesses occurred as a result of "exposure to mold allergens" at this location and that all Defendants failed to take action to remedy Stuart's exposure to mold in violation of "Sections 654 & 657" of the Occupational Safety and Health Act ("OSHA"). (*Id.*)

On March 21, 2012, the court granted Defendant USCIS Nebraska Service Center's and Defendant's AFGE AFL-CIO's Motions to Dismiss. (Filing No. 52.) The court dismissed this matter as to these two Defendants because OSHA does not provide a private right of action and Plaintiff's claims arose only pursuant to OSHA. (*Id.*) In Response to the court's March, 21, 2012, the Remaining Defendants filed their Motion for Judgment on the Pleadings, arguing that, because the court has already determined that OSHA does not provide for a private right of action, Plaintiff's claims against them must be dismissed as well.

Indeed, the court has already determined, in accordance with numerous other federal decisions, that OSHA does not provide a private right of action.  *See, e.g., Am. Fed'n of Gov't Emp., AFL-CIO v. Rumsfeld*, 321 F.3d 139, 143-44 (D.C. Cir. 2003) (noting that the plaintiffs had "no private right of action under . . . OSHA"); *Ellis v. Chase Commc'ns, Inc.*, 63 F.3d 473, 476-77 (6th Cir. 1995) (same); *Pedraza v. Shell Oil Co.*, 942 F.2d 48, 52 (1st Cir. 1991) (same) ; *Merritt v. Bethlehem Steel Corp.*, 875 F.2d 603, 608 (7th Cir. 1989) (same); *Donovan v. Occupational Safety and Health Review Comm'n*, 713 F.2d 918, 916 (2d Cir. 1983) (same); *Jeter v. St. Regis Paper Co.*, 507 F.2d 973, 976-77 (5th Cir. 1975) ("The only provision in the statute which addresses itself to a private remedy clearly indicates that Congress did not intend OSHA to create a new action for damages in favor of employees.").  Instead, violations of OSHA are investigated and enforced by the Secretary of Labor.  29 U.S.C. §§ 662, 666, 657.

Here, Plaintiffs allege only that the Remaining Defendants  violated "Sections 654 & 657" of OSHA.  (Filing No. 1 at CM/ECF p. 2.)  They include six separate allegations of failing to "provide a safe work environment," failing to conduct "air quality and mold tests," and failing to take action relating to Plaintiffs' "safety concerns."  (*Id.*)  Each of these allegations cites to a section of OSHA.  (*Id.*)  Plaintiffs then detail Stuart's extensive health problems, which they claim occurred as a result of these OSHA violations.  (*Id.* at CM/ECF pp. 2-3.)  In their separate Response to the Motion for Judgment on the Pleadings, Plaintiffs reiterate Stuart's medical problems.  (Filing No. 57.)  Plaintiff also argue that, even though OSHA is "the basis for the Plaintiffs allegations," the court should disregard the legal principle that OSHA does not provide for a private right of action because "there has been extreme negligence and irresponsibility on the part of all the Defendants in this case."  (*Id.*)  Again, the court finds that OSHA does not create a private right of action for Plaintiffs and the court will not ignore this "legal principle" to allow Plaintiffs' claims to proceed. Rather, the court dismisses Plaintiffs' claims against the Remaining Defendants in

2

accordance with this, and the court's March 21, 2012, Memorandum and Order.[1]

IT IS THEREFORE ORDERED that:

1. Defendants Marathon Properties and Star City Federal's Motion for Judgment on the Pleadings (filing no. 55) is granted.  All remaining claims against all remaining Defendants are dismissed without prejudice.

2. A separate judgment will be entered in accordance with this, and the court's March 21, 2012, Memorandum and Order.

3. All other pending motions are denied as moot.

4. The Final Pretrial Conference, scheduled for October 25, 2012, at 10:00 a.m. is cancelled.  The Clerk of the court is directed to send a copy of this Memorandum and Order to Magistrate Judge Zwart.

DATED this 31st day of May, 2012.

BY THE COURT:

*Richard G. Kopf*

---

[1]Although the other Defendants sought dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Remaining Defendants answered and now seek dismissal pursuant to Federal Rule of Civil Procedure 12(c), the standard for dismissal is the same. *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) ("Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law, the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6).") (quotation omitted).

Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.